IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DPF ALTERNATIVES OF TEXAS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| DET DIESEL EMISSION TECHNOLOGIES, LLC, and SYNERGY CATALYST, LLC, | § § § § § | Civil Action No. 1:24-cv-00288-DII |
| Defendants. | § § | |

## DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DALLAS DIVISION OF THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)

Defendants DET Diesel Emission Technologies, LLC ("DET") and Synergy Catalyst, LLC ("Synergy") (collectively "Defendants") file this Motion to Transfer Venue of this action to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

### Summary

Plaintiff has filed this action in the Austin Division of the Western District of Texas. However, Plaintiff signed a Master Services Agreement with DET in 2022 that includes a forum selection clause providing that "[e]xclusive venue for any proceeding relating to this Agreement shall lie with the state and federal courts located in Dallas County, Texas." This clause is mandatory, binding, valid, and covers this controversy over the technology that is the subject of the Master Services Agreement that it is a part of, and should be enforced through transfer of this action to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

### Factual and Procedural Background

DET is a company based in Coppell, in Dallas County, Texas. (Declaration of Mike VanPatten, Ex. A, at 1, ¶ 3). Synergy is a related company in the same location. (Ex. A at 1, ¶ 3). DET is the owner and developer of intellectual property, processes, products, and equipment

1

relating to the removal, replacement, and/or maintenance to be performed on emission control cores within emission assemblies in diesel engines. (Ex. A at 1, ¶ 4). DET has licensed this technology to multiple entities throughout the United States. (Ex. A at 1, ¶ 4). Beginning in 2021, DET connected with a group of businesses affiliated with DPF Alternatives, LLC ("DPF Alternatives"), a Colorado-based company operating in the same industry. (Ex. A at 1-2, ¶ 5). Among the companies affiliated with DPF Alternatives was Plaintiff DPF Alternatives of Texas, LLC ("Plaintiff"). (Ex. A at 2, ¶ 5).

On or about August 1, 2022, Plaintiff's owner, Hayett Garcia, executed a Master Services Agreement ("MSA") on behalf of DPF Alternatives of Texas, LLC. (Ex. A at 2, ¶¶ 6-7; MSA, Ex. A-1). The MSA governed Plaintiff's license and use of DET's products, processes, and intellectual property. (Ex. A at 2, ¶ 8). The territory for this entity was intended to be around Hutto, Texas. (Dkt. 1 at 6, ¶ 37). Paragraph 27 of the MSA states:

> 27. <u>Governing Law; Venue</u>. This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of Texas, without regard to its conflicts of laws principles. Exclusive venue for any proceeding relating to this Agreement shall lie with the state and federal courts located in Dallas County, Texas.

(Ex. A-1 at 9, ¶ 27).

After the MSA was signed in August of 2022, Plaintiff began performing under the contract, purchasing products from DET and utilizing its offered services pursuant to the license, as Plaintiff confirmed in its Complaint. (Dkt. 1 at 6, ¶¶ 38-39). Plaintiff ordered a number of products from DET in accordance with the MSA on several occasions from September of 2022 through January of 2023. (Ex. A at 2, ¶ 8).

The relationship between Plaintiff and DET ultimately deteriorated, resulting in a lawsuit filed in the 101st Judicial District Court of Dallas County, Texas on March 29, 2023 in accordance with the agreed-upon venue provision of the MSA. (*See* Plaintiff's Original Petition in *DET Diesel*

*Emission Technologies, LLC v. DPF Alternatives of Texas, LLC, et al.*, Case No. DC-23-04111 (Dallas Cnty. 101st Dist. Ct.) ("Dallas County Case"), Ex. B). That action is ongoing. (*See* Docket in Dallas County Case, Ex. C).[1]

As the Dallas County Case continued, several other cases were filed across the country by DPF Alternatives and several other of its franchisees, all represented by Plaintiff's counsel, against DET and Synergy. DPF Alternatives filed suit in October of 2023 in the District of Colorado, and three other DPF Alternatives franchisees filed suit in the Western District of Virginia, Northern District of Texas, and Southern District of Texas in late 2023 and early 2024. *See DPF Alternatives, LLC v. DET Diesel Emission Technologies, LLC*, No. 23-cv-02860-SKC-NRN (D. Colo.); *Iron Horse Transport, LLC dba DPF Alternatives of Roanoke v. DET Diesel Emission Technologies, LLC, et al.*, No. 7:23-00791 (W.D. Va.); *RTR DPT, LLC v. DET Diesel Emission Technologies, LLC, et al.*, Case No. 3:24-cv-01371-P (formerly 4:24-cv-00030-P) (N.D. Tex.); *JGD Filters, LLC v. DET Diesel Emission Technologies, LLC, et al.*, No. 4:24-00061 (S.D. Tex.).

After these four suits were filed, Plaintiff and its fellow claimants in each of the other four cases attempted to invoke the procedures of the Judicial Panel on Multidistrict Litigation ("JPML") under 28 U.S.C. § 1407 and centralize these cases in the District of Colorado, where DPF Alternatives had filed the first suit. After Plaintiff filed this action on March 18, 2024, it was added to the JPML's considerations. *See In re Recore Antitrust Litig.*, --- F. Supp. 3d ---, 2024 WL 1596924, at *2 (J.P.M.L. Apr. 11, 2024). However, the JPML rejected Plaintiff and its fellow claimants' request, finding relief under 28 U.S.C. § 1407 to be inappropriate in light of the fact that this group of cases "are, at bottom, fairly straight-forward contract and misrepresentation

---

[1] The Court may take judicial notice of the docket entries in this related case, as well as others that will be referenced in this Motion. *See Johnson-Williams v. Citimortgage, Inc.*, 750 Fed. Appx. 301, 303-04 (5th Cir. 2018); *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 684-85 (S.D. Tex. 2014).

actions", and recognized that decisions to enforce the forum selection clause in the MSA in this case and other related cases "may reduce the number of involved districts." *Id.* at *1-*2. Since that time, a forum selection clause identical to the one at issue in the MSA has been enforced to transfer one of these five cases to the Dallas Division of the Northern District of Texas. (*See* Order in *RTR DPT, LLC v. DET Diesel Emission Technologies, LLC, et al.*, Case No. 3:24-cv-01371-P (formerly 4:24-cv-00030-P) (N.D. Tex.), Dkt. 45)). Motions to transfer the cases now pending in Virginia, Colorado, and the Southern District of Texas to the Dallas Division of the Northern District of Texas have been filed and are awaiting decision.

Plaintiff filed this suit against DET and Synergy in the Austin Division of the United States District Court for the Southern District of Texas, bringing claims under three federal statutes. (*See* Dkt. 1 at 7-10). Defendants answered Plaintiff's Complaint and filed counterclaims on behalf of DET against, based in part on the MSA and including some of the claims already pending in the Dallas County Case. (*See* Dkt. 10 at 10-19; *compare with* Ex. B). After accepting service, counsel for Plaintiff and Defendants conferred regarding Defendants' forthcoming request to transfer this case pursuant to the forum selection clause, and Plaintiff's counsel confirmed Plaintiff's opposition on April 2, 2024. The pleadings concluded when Plaintiff answered DET's counterclaims on June 20, 2024. (Dkt. 12). By way of this Motion, Defendants respectfully request that the Court enforce the forum selection clause within the MSA and transfer this case to the parties' agreed-upon forum of the Dallas Division of the Northern District of Texas, or in the alternative transfer this case for the convenience of the parties under 28 U.S.C. § 1404(a).

## Arguments and Authorities

When a federal case involves a forum selection clause specifying a different federal forum within the United States, the appropriate mechanism for its enforcement is 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.*, 571 U.S. 49, 59

(2013). This statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The Court must first determine whether the clause is valid and enforceable. *Jennings v. Carnival Corp.*, No. 4:14-CV-91-O, 2014 WL 11961952, at *2 (N.D. Tex. Mar. 28, 2014). If so, then the plaintiff "must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atlantic Marine*, 571 U.S. at 64. When the parties have agreed to a valid forum selection clause, the transfer analysis necessarily changes. "[T]he plaintiff's choice of forum merits no weight." *Id.* at 63. "When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "As a consequence, a district court may consider arguments about the public-interest factors only." *Id.*[2] "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* In sum, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the

---

[2] If a forum selection clause is not part of the analysis, then the Court weighs the traditional private interest factors under Section 1404(a). The private interest factors include the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of a view of the premises, if applicable; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). In other related cases, DPF franchisees have claimed that they did not actually sign MSAs with DET—an argument that has been rejected by at least one other court. (*See* Order in *RTR DPT, LLC v. DET Diesel Emission Technologies, LLC, et al.*, Case No. 3:24-cv-01371-P (formerly 4:24-cv-00030-P) (N.D. Tex.), Dkt. 45)). To Defendants' knowledge, Plaintiff in this case has no intention of challenging the authenticity of the MSA that its owner signed in August of 2022. If, however, Plaintiff does make such an argument in its Response, Defendants will address this issue in their Reply.

5

case to the forum specified in that clause." *Id.* at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*; *accord J.V. & Sons Trucking, Inc. v. Asset Vision Logistics, LLC*, No. 1:20-CV-163-H, 2020 WL 10458645, at *1 (N.D. Tex. Dec. 15, 2020) ("Where parties agree to a valid, mandatory forum-selection clause and the claims at issue fall within the clause's scope, the clause will warrant transfer in all but the most exceptional cases.").

As discussed below, a binding, valid, and mandatory forum selection clause governs this action, and no exceptional circumstances that justify disregarding that clause are present here. This case should be transferred to the Dallas Division of the Northern District of Texas.

**I.     The forum selection clause in the MSA is valid, mandatory, and enforceable.**

Paragraph 27 of the MSA between DET and Plaintiff includes the following forum selection clause:

> 25.     <u>Governing Law; Venue</u>. This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of Texas, without regard to its conflicts of laws principles. **Exclusive venue for any proceeding relating to this Agreement shall lie within the state and federal courts located in Dallas County, Texas**.

(Ex. A-1 at 9, ¶ 27) (bold emphasis added). This represents a mandatory forum selection clause that should be enforced. "[W]here the forum-selection clause uses 'shall' paired with language defining an exclusive forum, the clause requires that the parties carry out litigation in the given forum." *J.V. & Sons*, , 2020 WL 10458645, at *3; *accord Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14-15 (5th Cir. 1995); *Oxysure Therapeutics, Inc. v. Gemini Master Fund, Ltd.*, No. 4:15-cv-00821, 2016 WL 4083241, at *5 (E.D. Tex. July 8, 2016); *Javeler Marine Servs., LLC v. Cross*, No. CIV.A. H-14-0670, 2014 WL 6886097, at *6 (S.D. Tex. Dec. 4, 2014); *Slaughter Ins. Agency v. Astonish Results, L.P.*, No. 3:10-CV-1398-P, 2011 WL 13234274, at *3 (N.D. Tex. Jan. 24, 2011). So too here.

6

The forum selection clause also covers Plaintiff's three federal claims because they "relat[e] to" the MSA. (Ex. A-1 at 9, ¶ 27). When a forum selection clause includes "relate to" within its language, such clauses are "construed broadly". *Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, No. CIV A 309-CV-0430-G, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (citing *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)). The background of Plaintiff's claims admittedly arises from the contractual relationship between Plaintiff and DET, and the claims are all based on the technology that Plaintiff licensed by way of the MSA. (*See* Dkt. 1 at 6-10). DET's counterclaims are based explicitly upon the MSA. (*See* Dkt. 10 at 13-19). All of the pending issues in this case "relate to" the MSA, and these claims thus fall within the broad language of that clause.

Forum selection clauses are "prima facie valid," and are to be "enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9 (1972). To show that the clause is unreasonable, Plaintiff must demonstrate one of the following: "(1) the clause was incorporated into the Agreement by fraud or overreaching, (2) the selected forum is gravely unfair or inconvenient, (3) the chosen law is so fundamentally unfair as to deprive him of a remedy, or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 304 (5th Cir. 2016). The party resisting enforcement on these grounds bears a heavy burden of proof. *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997). Plaintiff cannot meet that burden.

As to the first factor, there is no evidence that the forum selection clause in the MSA was incorporated by fraud or overreaching. Fraud can only overcome a forum selection clause if it was specifically related to that clause. *See Haynsworth*, 121 F.3d at 963; *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 747 (N.D. Tex. 2018). There are no allegations, let

alone evidence, of such clause-specific fraud here. The second, third, and fourth factors are immaterial. There is no possibility that Dallas, Texas, as opposed to Austin, Texas, is gravely unfair or inconvenient; Plaintiff can litigate its claims and obtain relief in either forum, and the inconvenience of travel to another forum to litigate based upon that party's agreement to that forum is not sufficient grounds to disregard a forum selection clause. *American United Petro. Corp. v. Freightquote.com, Inc.*, No. H-12-0740, 2012 WL 2358156, at *2 (S.D. Tex. June 20, 2012). Nor is the chosen law so fundamentally unfair as to deprive Plaintiff of a remedy; Plaintiff has brought claims under federal law, and those claims would be maintained in either Texas-based forum, including the transferee forum. To invoke this ground, Plaintiff must show it would "for all practical purposes be deprived of [its] day in court." *Bremen*, 407 U.S. at 18. It certainly would not be in the Northern District of Texas. And both this forum and the proposed transferee forum are within the same state and federal judicial system; the public policy interests of both venues are identical. If anything, Texas public policy supports and encourages the enforcement of forum selection clauses, including a presumption within the law that they are enforceable. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008).

In sum, the forum selection clause within the MSA is valid, binding, mandatory, and enforceable. As discussed in Part II below, this mandates transfer to the parties' agreed-upon forum of the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

**II.    Under the *Atlantic Marine* analysis, Plaintiff cannot meet its heavy burden to show that this an exceptional case where a forum selection clause should not be enforced.**

Because the forum selection clause in the MSA is valid and enforceable, the Court must therefore consider this Motion under the *Atlantic Marine* framework, in which there is no weight in favor of Plaintiff's choice of forum, the private interest factors automatically weigh in favor of the forum designated by the forum selection clause, and only the public interest factors may be considered to determine if this is the kind of "most unusual case[]" that would prompt a court to
8

disregard the parties' agreement. *Bruckner Truck Sales, Inc. v. Hoist Liftruck Mfg., LLC*, 501 F. Supp. 3d 409, 418 (N.D. Tex. 2020); *see also Atlantic Marine*, 571 U.S. at 62-64. Plaintiff's burden to justify maintaining the case in this forum is steep; as "the party acting in violation of the forum-selection clause," they "must bear the burden of showing that public-interest factors <u>overwhelmingly disfavor a transfer</u>." *Atlantic Marine*, 571 U.S. at 67 (emphasis added). It cannot meet that burden.

The public interest factors include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum at home with the law. *Id.* at 62 n.6. None of these factors favor transfer.

First, there is no known court congestion that is greater in the Austin Division of the Western District of Texas than in the Dallas Division of the Northern District of Texas, let alone to the degree that would present the overwhelming circumstances necessary to disregard the parties' agreement to the forum.

Second, if the factor of the local interest in having localized controversies decided at home carries any weight, it favors the Dallas Division of the Northern District of Texas. That venue is where Defendants are located, and where all of the significant facts relating to the development of its technology, licensing practices, representations about its intellectual property, and other relevant activities took place. (Ex. A at 1-2, ¶ 4). Generally, in intellectual property cases such as this, "the preferred forum is that which is the center of gravity of the accused activity." *See Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-cv-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003). While *Minka Lighting* was a patent infringement case, this same principle has likewise been applied in false marking cases under 35 U.S.C. § 292. *See Just Intellectuals, PLLC v. Clorox Co.*, No. 10-12415, 2010 WL 5129014, at *5 (E.D. Mich. Dec. 10, 2010)

9

(transferring false marking case to venue where accused defendant was located and committed all alleged relevant conduct); *Dye v. Mag Instrument, Inc.*, No. 2:10-CV-00167-RDP, 2010 WL 11615034, at *5 (N.D. Ala. Oct. 28, 2010) (transferring false marking case to location of accused defendant and conduct, and noting that "in cases involving patents, it has been said that the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production") (internal citation and quotation marks omitted).

Indeed, developments in the related cases further support transfer because it would benefit judicial economy. A dispute between these parties is already pending in state court in Dallas County, and transfer would ensure those two cases could be pending at least in the same location and more easily consolidated for discovery purposes. (*See* Ex. B; Ex. C). One related case is already pending in the Dallas Division of the Northern District of Texas, following the enforcement of a similar forum selection clause. (*See* Order in *RTR DPT, LLC v. DET Diesel Emission Technologies, LLC, et al.*, Case No. 3:24-cv-01371-P (formerly 4:24-cv-00030-P) (N.D. Tex.), Dkt. 45). Motions that could result in the transfer of venue to the Dallas Division of the Northern District of Texas are pending in all three of the related cases. There is certainly a benefit of having related cases pending in the same forum, particularly when it is the location of the common defendants and where a number of these plaintiffs agreed to that forum through forum selection clauses in their agreements. Indeed, while the Judicial Panel on Multidistrict Litigation declined to centralize these cases in any particular venue, it did explicitly recognize these pending or forthcoming motions, and that they "may reduce the number of involved districts" as an alternative to relief under 28 U.S.C. § 1407 that was ultimately found unnecessary from that Panel. *See In re Recore*, 2024 WL 1596924, at *2. Transferring this case to the Dallas Division of the Northern District of Texas, just as other cases are likely to be transferred to that same venue, will

allow a single District to oversee these multiple cases that clearly have some overlap in terms of the legal issues to be decided and the factual matters to be put before one or more juries.

Third, considerations of the applicable law are immaterial here; it cannot be disputed that this is a case entirely between Texas parties to which Texas law is nearly certain to apply to common law claims and federal statutory law applies to the remainder, and either Texas federal court would be equally qualified to adjudge this case. (*See* Dkt. 1 at 6-10; Dkt. 10 at 13-19).

"In all but the most unusual cases . . . , 'the interest of justice' is served by holding parties to their bargain." *Bruckner*, 501 F. Supp. 3d at 418 (quoting *Atlantic Marine*, 571 U.S at 66). Such is the case here. This case should be transferred to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

### Conclusion and Prayer for Relief

For these reasons, Defendants respectfully request that this case be transferred to the Dallas Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

Dated: June 28th, 2024.

Respectfully submitted,

*/s/ M. Ross Cunningham*
M. Ross Cunningham
State Bar No. 24007062
rcunningham@cunninghamswaim.com
Alex Whitman
State Bar No. 24081210
awhitman@cunninghamswaim.com
Bryan S. David
State Bar No. 24031989
bdavid@cunninghamswaim.com
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for both sides have conferred on this issue in good faith and in an attempt to resolve this issue pursuant to Local Rule CV-7-2(i), including through email correspondence on April 1 and 2, 2024. Plaintiff is opposed to the transfer of this matter to the Dallas Division of the Northern District of Texas because it does not appear to believe it is bound by the forum selection clause in question, and this issue is therefore presented to the Court for disposition.

*/s/ M. Ross Cunningham*
M. Ross Cunningham

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5, the undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF notification system by email on this 28th day of June, 2024.

*/s/ M. Ross Cunningham*
M. Ross Cunningham